**No. 47335.**—Protest 64332–K/12406 of Tex-O-Kan Flour Mills Co. (d b a Morten Milling Co.) (New Orleans).

Opinion by WALKER, J. From an examination of the protest and official papers before the court nothing was found to warrant disturbance of the action of the collector, which was presumptively correct. The protest was therefore overruled.

BEFORE THE FIRST DIVISION, JUNE 25, 1942

**No. 47336.**—Protest 894181–G of W. X. Huber Co. (Los Angeles).

Opinion by WALKER, J. Plaintiff's witness testified that in the game of bad-minton the shuttlecock is batted back and forth with strung racquets, over a net, the object of the game being to keep the shuttlecock in continuous motion off the ground; that the racquets are approximately the length of tennis racquets but of much frailer construction and weigh only about half as much; that the court for playing such games is approximately one-half the size of a tennis court, the mark-ings thereof and the rules of play being similar, although the method of scoring is different; and that the effect of the feathers is to keep the course of the shuttlecock straight and to slow down its motion in order to keep it within the limits of the court, also to give a certain amount of buoyancy. He further testified that badminton can be played with a ball instead of a shuttlecock but that he would not call the article which was received in evidence in this case as exhibit 1 a ball. Exhibit 1 consists of a rounded piece of resilient material with a crown of feathers. From the dictionary definitions of a ball and from the testimony produced the court stated it is obvious that the article at bar does not fall within the definition of a ball and is not a ball within the common meaning of that term. The shuttlecocks in question were therefore held not dutiable *directly* under paragraph 1502. In the opinion of the court the similitude clause in paragraph 1559 cannot be invoked in the determination of the classification of the shuttlecocks at bar for the reason that they are "enumerated" in the act within the meaning of that term as used in the clause. As there appeared to be no dispute that the shuttlecocks in question are composed in chief value of feathers, in the absence of a more specific provision they were held dutiable as articles in chief value of feathers, not specially provided for, at 60 percent under paragraph 1518, as classified. *United States* v. *Cochran* (3 Ct. Cust. Appls. 57, T. D. 32349) and *Powell* v. *United States* (T. D. 46711) cited.